IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN FISCHER,

                Plaintiff,

v.

NANCY A. BERRYHILL,

                Defendant.

OPINION & ORDER

17-cv-327-jdp

---

Plaintiff John Fischer seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding him not disabled under the Social Security Act. The court heard oral argument on December 18, 2017. For reasons explained during oral argument and summarized here, the court will grant Fischer's motion for summary judgment and remand the Commissioner's decision.

The ALJ concluded that Fischer's allegations of debilitating pain were inconsistent with both medical evidence and nonmedical evidence, R. 879,[1] but the evidence cited by the ALJ shows no inconsistency. For example, the ALJ noted that Fischer could wash dishes, citing a treatment note from June 4, 2013. *Id*. (citing 14F/14 (R. 1132)). But the same document indicates that doing dishes was one of his "worst activities" that caused him pain. R. 1132. The ALJ also wrote that Fischer could do fishing and bow-hunting, citing a psychologist's note from June 21, 2013, R. 879 (14F/40 (R. 1158)), but the note says Fischer used these activities as distractions from his pain, R. 1158. He could fish for two hours "before having to stop due to the pain," and he was willing to consider using a crossbow so he could continue to hunt. *Id*.

---

[1] All record cites refer to the administrative transcript. Dkt. 6.

The ALJ also relied on a mental evaluation from June 20, 2013, for the proposition that Fischer's health was "excellent," R. 879 (citing 14F/36 (R. 1154)), but the same document shows that he had "severe bodily pain" and that he felt "very nervous" for "most of the time" for the past four weeks. R. 1154. The ALJ wrote that Fischer could do yardwork, citing a March 30, 2015 pre-operation report for a cervical surgery, R. 879 (citing 16F/119 (R. 1398)), but the report shows that Fischer experienced pain, R. 1398, and the ability to do yardwork should have been outweighed by a doctor's opinion that Fischer needed a cervical surgery.

As for medical evidence, the ALJ noted that Fischer was "doing much better" after two surgeries. R. 878 (citing 18F/46 (R. 1604)). But again, the June 2, 2015 treatment note cited by the ALJ says Fischer "experience[d] a deep neck ache that is different compared to prior to surgery," R. 1603, and that his left arm was still weak, R. 1604. And even after the two surgeries, Fischer continued to have lower back problems that called for facet injections and radiofrequency ablation. R. 1717, 1744. The ALJ has not explained how Fischer's allegations of pain were inconsistent with the record.

There are other problems with the ALJ's opinion. For the analysis on Fischer's residual functional capacity, the ALJ incorporated limitations such as the ability to "frequently, as opposed to constantly, handle and finger bilaterally," R. 877; this limitation appears to acknowledge Fischer's carpal tunnel syndrome to some degree, but the ALJ did not explain the connection between the evidence and the limitation he imposed. There is no explanation of how severe the carpal tunnel syndrome was or of how this limitation would address it. The ALJ also appears to have acknowledged Fischer's mental impairments when he wrote that Fischer is "limited to routine tasks" that "do not involve fast paced or production rate tasks such as

2

with a fixed quota requirement," *id*., but again, the ALJ did not explain how he reached this specific limitation.

In sum, the ALJ failed to explain how he reached his conclusions. The ALJ's "cursory analysis of [Fischer's] symptoms" warrants remand even though "[t]he record does not command a determination that [Fischer] should be awarded benefits." *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). The court will remand the case for a more careful review.

One last point. Fischer amended the onset date to May 1, 2013, during the hearing before the ALJ. R. 900. This amended onset date did not affect the analysis of this opinion.

ORDER

IT IS ORDERED that:

1. The decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff John Fischer's applications for disability benefits is REMANDED.

2. Plaintiff's appeal is DISMISSED.

3. The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered December 21, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge