IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

JOHN FISCHER,

                  Plaintiff,

v.

NANCY BERRYHILL,
Acting Commissioner of Social Security,

                  Defendant.

ORDER

17-cv-327-jdp

───────────────────────────────────────────────────────────────

      Plaintiff John Fischer, through his attorney Dana Duncan, moves the court for an order awarding $6,913.08 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 18. The parties agree on the amount of the award and agree that Fischer has assigned the award to Duncan. The parties also agree that the award must be offset by any pre-existing debt that Fischer owes to the United States, but the parties disagree about the procedure that should be followed if Fischer owes debt that is less than the total EAJA award. Fischer asks the Commissioner to offset the debt, and then pay the remainder directly to Duncan. The Commissioner contends that the remainder after offset must be made payable Fischer. Dkt. 23.

      EAJA fees belong to the plaintiff as the prevailing party, not to his attorney. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). The EAJA award is subject to offset to satisfy any pre-existing debt that the plaintiff may owe the United States. *Id.* If there is no pre-existing debt, the plaintiff may assign the fee award directly to his attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015).

      Here, Fischer requests payment of the EAJA award directly to his attorney Duncan, even if there is pre-existing debt. Dkt. 18, at 2. But this court's longstanding practice has been to order payment directly to counsel only when there is no pre-existing debt. The court will follow the

same procedure that has been used in Duncan's previous cases in the Western District of Wisconsin.[1] If Fischer does not owe debt that is subject to offset, then the award will be made payable to Duncan. If Fischer owes debt that is subject to offset, but the debt is less than the EAJA award, then the remainder of the award will be made payable to Fischer and mailed to Duncan's address. Because Duncan has not identified any reason why the court's practice is inappropriate, the court will continue to follow that practice.

ORDER

IT IS ORDERED that plaintiff John Fischer's motion for attorney fees in the amount of $6,913.08, Dkt. 18, is GRANTED. After entry of this order, if counsel for the parties can verify that plaintiff owes no pre-existing debt subject to offset, then the Commissioner will direct that the award be paid to plaintiff's attorney pursuant to the EAJA assignment signed by plaintiff and his counsel. If plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to plaintiff and mailed to the business address of plaintiff's attorney.

Entered August 23, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[1] *See e.g. Cornell v. Berryhill*, No. 17-cv-863, Dkt. 21 (W.D. Wis. Jun. 4, 2018); *Moore v. Berryhill*, No. 17-811, Dkt. 21 (W.D. Wis. May 1, 2018); *Kenealy v. Berryhill*, No. 15-85, Dkt. 15 (W.D. Wis. Apr. 10, 2017); *Hale v. Berryhill*, No. 15-478, Dkt. 18, (W.D. Wis. Dec. 21, 2017); *Krispin v. Colvin*, 14-cv-658, Dkt. 19 (W.D. Wis. Sep. 2, 2016); *Baxter v. Colvin*, No. 15-cv-753, Dkt. 14 (W.D. Wis. Jun. 6, 2016).