IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN FISCHER,

                          Plaintiff,
  v.                                                 OPINION and ORDER

ANDREW SAUL,                                      15-cv-776-jdp
Commissioner of Social Security,

                          Defendant.

---

JOHN FISCHER,

                          Plaintiff,
  v.                                                 OPINION and ORDER

ANDREW SAUL,                                        17-cv-327-jdp
Commissioner of Social Security,

                          Defendant.

---

Plaintiff John Fischer twice appealed the commissioner's decision denying his application for disability insurance benefits and supplemental security income. In both cases, this court remanded the case to the Social Security Administration for further proceedings. Dkt. 12 in Case No. 15-cv-776 and Dkt. 16 in Case No. 17-cv-327.[1] And in both cases, the court awarded attorney fees to Fischer's attorney, Dana W. Duncan, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Duncan received $5,000.00 in the '776 case, Dkt. 16, and $6,913.08 in the '327 case, Dkt. 25.

---

[1] The court has changed the captions in these cases to reflect that Andrew Saul was confirmed as the Commissioner of Social Security after Fischer filed these lawsuits.

After the second remand, the commissioner awarded Fischer $132,343.50 in past-due benefits and reserved 25 percent of the award, $33,085.88, for attorney fees. Dkt. 27-2.[2] Duncan now moves for an attorney fee award of $21,172.80 pursuant to 42 U.S.C. § 406(b). Dkt. 27. This represents the amount reserved by the commissioner, less Fischer's previous EAJA fee awards, for a total fee of 25 percent of Fischer's awarded past-due benefits. The commissioner doesn't oppose Duncan's fee request. Dkt. 29.

Section 406(b) allows the court to award a prevailing plaintiff's attorney a fee of up to 25 percent of back benefits, but the attorney still must show that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

The court concludes that Duncan's requested fee is reasonable. Between the two cases, Duncan performed 51.6 hours of work, Dkt. 27-3 and Dkt. 27-4, for an effective rate of approximately $641 per hour. This is a significantly elevated rate, but the court has approved similar rates before under § 406(b). *See, e.g., Palmer v. Berryhill*, No. 16-cv-681-jdp, 2018 WL 2248422, at *1 (W.D. Wis. May 16, 2018) (approving effective rate of $614 an hour); *Stemper v. Astrue*, No. 04-cv-838-jcs, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving effective rate of $666 an hour). And Duncan's paralegal staff spent an additional 30.9 hours

---

[2] This and all further docket citations refer to the '327 case.

working on Fischer's case, which further supports the reasonableness of this rate. *See Richlin Sec'y Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorney fee under EAJA includes paralegal time); *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (reasonable attorney fee under 42 U.S.C. § 1988 includes paralegal time).

Fischer agreed to a contingent fee of 25 percent of any back benefits awarded. Dkt. 27-1. Duncan's elevated hourly rate reflects the risk of non-recovery under contingent fee agreements, which are necessary to encourage attorneys to represent Social Security claimants on appeal. *See McGuire*, 873 F.2d at 980.

The requested fee is reasonable in light of Duncan's experience, his risk of non-recovery, the results he obtained, and the amounts awarded in similar cases. Because Duncan isn't requesting the full amount reserved by the commissioner but is rather offsetting his fee request by the $11,913.08 he's already received under the EAJA, he doesn't have to return his earlier fee awards to Fischer. *See Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that Dana W. Duncan's motion for $21,172.80 in attorney fees under 42 U.S.C. § 406(b), Dkt. 27 in Case No. 17-cv-327, is GRANTED.

Entered October 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge